**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | |
|---|---|
| **MARGARET JOHNSON,** | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )         **CIVIL ACTION NO. 1:04-0709** |
| | ) |
| **VANESSA P. ADAMS, Warden,** | ) |
| **FPC Alderson,** | ) |
| **Respondent.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 12, 2004, Petitioner, an inmate at FPC Alderson, in Alderson, West Virginia, and

acting *pro se,* filed her Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28

U.S.C. § 2241.[1] (Document No. 1.) Petitioner alleges under <u>Blakely v. Washington</u>, __ U.S. __, 124

S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004), that her base offense level was enhanced two levels for

obstruction of justice, without the enhancement being submitted to the jury, in violation of the Sixth

Amendment. (<u>Id</u>., p. 6.) By Standing Order filed on July 12, 2004, this matter was referred to the

undersigned United States Magistrate Judge for the submission of proposed findings of fact and a

recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACT AND PROCEDURE**

Petitioner was charged with ten others in a nineteen count Indictment filed on December 5,

2001, in the United States District Court for the Northern District of West Virginia. (<u>United States v.</u>

<u>Johnson</u>, 3:01-cr-00025-11 (N.D.W.Va. Nov. 1, 2002, Document No. 1.) Petitioner was charged in

count one with violating 21 U.S.C. § 846 by conspiring with her co-Defendants to violate 21 U.S.C.

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are
held to a less stringent standard than if they were prepared by a lawyer and therefore, they are
construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652
(1972).

§ 841(a)(1) by knowingly and intentionally selling, distributing, or dispensing a controlled substance. (Id.) Petitioner was further charged in count nineteen with violating 21 U.S.C. § 841(a)(1) by knowingly and intentionally selling, distributing, or dispensing a controlled substance. (Id.) A further indictment was returned against Petitioner on April 2, 2002, charging her with failing to appear before the Court as required by the conditions of her release, in violation of 18 U.S.C. § 3146(a). (United States v. Johnson, 3:02-cr-00015 (N.D. W.Va. Nov. 1, 2002), Document No. 1.)

On  May 29, 2002, Petitioner pled guilty to count nineteen in 3:01-cr-00025-11, and was sentenced on September 12, 2002, to a 78 month term of imprisonment, to be followed by a three year term of supervised release. (3:01-cr-00025-11, Document Nos. 316 (Plea Agreement), 318 (Court Order), 421 (Judgment in a Criminal Case, entered on Sept. 19, 2002), and 427 (Amended Judgment in a Criminal Case entered on Nov. 1, 2002).) On June 11, 2002, Petitioner pled guilty to count one in 3:02-cr-00015, and was sentenced on September 12, 2002, to a three year term of supervised release to run concurrent with the term imposed in 3:01-cr-00025-11. (3:02-cr-00015, Document Nos. 35 (Plea Agreement), 37 (Court Order), 43 (Judgment in a Criminal Case, entered on Sept. 19, 2002), and 45 (Amended Judgment in a Criminal Case, entered on Nov. 1, 2002).) Petitioner did not file a Notice of Appeal of either conviction and sentence. Petitioner however, filed on January 3, 2005, in 3:01-cr-00025-11 and 3:02-cr-00015, her Motion for Immediate Release, in which she alleges the same grounds for relief presented herein. Petitioner's Motions for release remain pending in the Northern District of West Virginia.

Petitioner filed her instant Petition alleging a Sixth Amendment violation under Blakely, on July 12, 2004. (Document No. 1.) Petitioner's ineffective assistance claim, contained in the Addendum to her Petition, arises from a November 12, 2004, decision by the Supreme Court of Appeals of West Virginia, annulling Keath L. Wheaton's, Petitioner's trial counsel's, license to practice law in West

Virginia. (Document No. 4.) See Lawyer Disciplinary Board v. Wheaton, Case No. 31275 (W.Va. Nov. 12, 2004). Mr. Wheaton's license was annulled due to the severity of his transgressions of the Rules of Professional Conduct over a five year period of time, with respect to six former clients, not including Petitioner. Id. Petitioner alleges that Mr. Wheaton rendered her ineffective assistance when he failed to "protect [her] during the plea phase of [her criminal] proceedings and lied and coerced her to accept a plea that was not in her best interest." (Document No. 4, p. 2.) She further alleges that counsel was ineffective for failing to pursue his objection to the two point obstruction enhancement. (Id., p. 3.) For the reasons discussed herein, the undersigned recommends that Petitioner's Petition and Addendum be dismissed.

## ANALYSIS

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S. D.W.Va. 2001)(Chief Judge Haden). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under § 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under § 2241. "A section 2241 petition that seeks to challenge the validity of a

federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Essentially, Petitioner challenges the validity of her conviction and sentence in the Northern District of West Virginia. She states that she "never admitted to the obstruction of justice charge, which increased her guideline level by 2 points and subsequent sentence by 15 months, and the charge was never submitted to a jury, [and therefore,] Johnson's sentence cannot be sustained." (Document No. 1, p. 6.) She further states that her trial counsel "was not prepared or knowledgeable in the law enough to defend Johnson adequately." (Document No. 4, p. 3.) These are claims properly considered under § 2255, not § 2241. Indeed, the undersigned notes that Petitioner raised virtually the same issues in her Motions for Immediate Release filed in the Northern District of West Virginia. Therefore, in view of the nature of her claims and her pending Motion for release in the sentencing Court, her Application in this case under § 2241 must be considered to be a Motion to Vacate, Set Aside or Correct her sentence under § 2255.[2]

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court.  The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.* (Emphasis added.)

Considering Petitioner's Application a § 2255 Motion, it is clear that this District Court lacks

---

[2] "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 motion, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).

4

jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of West Virginia. For this reason, Petitioner's Application should be dismissed.

Alternatively, to the extent that Petitioner is able to demonstrate that relief under 28 U.S.C. § 2255 is unavailable and considering Petitioner's claim under 28 U.S.C. § 2241, the undersigned finds that her claim is without merit. Petitioner argues that her sentence is unconstitutional under the Supreme Court's decision in Blakely v. Washington, __ U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[3] Blakely, at 2537. On January 12, 2005, the Supreme Court decided United States v. Booker, and United States v. Fanfan, __ U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621, which applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." __ U.S. at __, 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" __ U.S. at __, 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93

---

[3] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, __ U.S. at __, 124 S.Ct. at 2537 (emphasis in original).

L.Ed.2d 649 (1987)).

Petitioner's case has concluded direct review and is final.[4] Thus <u>Booker</u> does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review. <u>See</u> <u>Tyler v. Cain</u>, 533 U.S. 656, 662-63, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001) (holding "that a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."). Although the Fourth Circuit Court of Appeals has not decided whether <u>Booker</u> applies retroactively to persons whose convictions were final prior to the Supreme Court's decisions in <u>Blakely</u> and <u>Booker</u>, several circuit courts of appeals and district courts have held that it does not.

The Circuit Court of Appeals for the Second Circuit held in <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005), that "neither <u>Booker</u> nor <u>Blakely</u> appl[ies] retroactively to [a] collateral challenge." In <u>Guzman v. United States</u>, 404 F.3d 139, 144 (2d Cir. 2005), the Second Circuit reaffirmed its decision in <u>Green</u> and expressly held that "<u>Booker</u> is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that <u>Booker</u> issued." Similarly, the Eleventh Circuit decided, in <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005), "that <u>Booker</u>'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Likewise, the Seventh Circuit has ruled that <u>Booker</u> does not apply retroactively to cases on collateral

---

[4] For purposes of retroactivity analysis and collateral review, Petitioner's sentence became final on November 15, 2002, when the ten-day notice of appeal period expired. *See* Fed. R. App. P. 4(b), 26(a)(2); *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when the Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")(citing, *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994) (holding that "[a] state conviction and sentence becomes final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.").

review. <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005). The Court held:

Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, __ U.S. __, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.

*Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." __ U.S. at __, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.

The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.

\* \* \*

The Court held in *DeStefano v. Woods*, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968), and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. __ U.S. at __, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. See also *Curtis*, 294 F.3d at 843-44.

> We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), came down, is the appropriate dividing line; *Blakely* reserved decision about the status of the federal Sentencing Guidelines, see *id.* at 2538 n.9, so *Booker* itself represents the establishment of a new rule about the federal system.

McReynolds, 397 F.3d at 480-81.

Similarly, the Third Court held in In re Olopade, 403 F.3d 159, 163-64 (3rd Cir. 2005), that

Booker is not retroactively applicable to cases on collateral review. The Fifth Circuit recently held that

"Booker does not apply retroactively on collateral review for purposes of a successive § 2255 motion."

In re Elwood, __ F.3d __, 2005 WL 976998, *2 (5th Cir. (La.) Apr. 28, 2005). The Sixth Circuit ruled

in Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005) that

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague's* second exception. *Beard [v. Banks*, __ U.S. __], 124 S.Ct. [2504], 2513-14 [159 L.Ed.2d 494 (2004)]. We hold that *Booker's* rule does not either. *Accord McReynolds*, 397 F.3d at 481.

The Tenth Circuit likewise held in United States v. Price, 400 F.3d 844, 848-49 (10th Cir.

2005), that Blakely was a new rule of criminal procedure that was not subject to retroactive application

on collateral review as follows:

> A new procedural rule, such as that announced in *Blakely*, will apply retroactively only if it falls into one of two narrow exceptions. *See Teague*, 489 U.S. at 307, 109 S.Ct. 1060. The first exception applies to a new rule that "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Teague*, 489 U.S. at 307, 109 S.Ct. 1060 (quotation omitted). *Blakely* does not implicate that exception. [footnote omitted] *See [United States v.] Mora*, 293 F.3d [1213,] 1218 (holding *Apprendi* does not implicate *Teague's* first exception).
> *Teague's* second exception applies to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *O'Dell [v. Netherland]*, 521 U.S. [151,] 157, 117 S.Ct. 1969 [, 138 L.Ed.2d 351 (1997)]. (quotation omitted). "To qualify as a 'watershed' rule of criminal procedure, the rule must not only improve the accuracy with which defendants are convicted or acquitted,

but also alter our understanding of the *bedrock procedural elements* essential to the fairness of the proceeding." *Mora*, 293 F.3d at 1218-19 (quotation omitted). "This exception is defined narrowly." *Id* at 1219.

*Blakely* did not announce a new watershed rule of criminal procedure that implicates the "fundamental fairness and accuracy of the criminal proceeding." *O'Dell*, 521 U.S. at 157, 117 S.Ct. 1969. First, *Blakely* does not affect the determination of a defendant's guilt or innocence. Rather, it addresses only how a court imposes a sentence, once a defendant has been convicted.

Further, the Supreme Court has previously determined that a change in the law requiring that juries, rather than judges, make the factual findings on which a sentence is based did not announce a watershed rule of criminal procedure. [footnote omitted]. *See Summerlin*, __ U.S. at __ - __, 124 S.Ct. at 2524-26. Similarly, we have previously held that a change in the law requiring juries to find these sentencing facts beyond a reasonable doubt, rather than by a preponderance of the evidence, also does not announce a watershed rule of criminal procedure. *See Mora*, 293 F.3d at 1219 (holding *Apprendi*, including its quantum of proof requirement, did not announce watershed rule); *see also Sepulveda v. United States*, 330 F.3d 55, 61 (1st Cir. 2003) (holding, in addressing *Apprendi's* retroactivity, that "'a decision . . . by a judge (on a preponderance standard) rather than a jury (on the reasonable doubt standard) is not the sort of error that necessarily undermines the fairness . . . of judicial proceedings,'" quoting *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002)); *Coleman v. United States*, 329 F.3d 77, 88-90 (2d Cir. 2003) (rejecting argument that *Apprendi's* requiring Government to prove sentencing factors beyond a reasonable doubt was watershed rule of criminal procedure). We conclude, therefore, that *Blakely* did not announce a watershed rule of criminal procedure that would apply retroactively to initial § 2255 motions. *See, e.g., Rowell v. Dretke*, 398 F.3d 370, 2005 WL 151916, at *8 (5th Cir. Jan. 25, 2005); *Rucker v. United States*, 2005 WL 331336, at *1 (D. Utah Feb. 10, 2005); *Gerrish v. United States*, 353 F.Supp.2d 95, 2005 WL 159642, at *1 (D. Me. Jan. 25, 2005); *United States v. Johnson*, 353 F.Supp.2d 656, 2005 WL 170708, at *1 (E.D. Va. Jan. 21, 2005); *see also In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005) (noting "the Supreme Court has strongly implied that *Blakely* is not to be applied retroactively"); *cf. McReynolds*, 397 F.3d at 481 (7th Cir. 2005) (holding *Booker* does not apply retroactively in initial § 2255 motions).

A similar conclusion was reached in <u>Rucker v. United States</u>, 2005 WL 331336, No. 2:04-cv-00914PGC (D. Utah, Feb. 10, 2005).  Stacy Rucker pled guilty to armed bank robbery in July, 2003, with sentencing in October, 2003, before both <u>Blakely</u> and <u>Booker</u>.  His offense level was enhanced for property taken from a financial institution, discharge of a firearm, and loss exceeding $10,000, and reduced for acceptance of responsibility.  He filed a Motion under 28 U.S.C. § 2255, asserting that <u>Blakely</u> (and <u>Booker</u>) should be applied retroactively to him, and that his sentence was

9

unconstitutional.  The District Court held:

> The approach to sentencing required by the *Blakely* and *Booker* decisions is a new rule.  Moreover, it is a procedural rule about the allocation of fact-finding power between judge and jury and about proof beyond a reasonable doubt.  Such a new procedural rule applies retroactively only where it implicates the fundamental fairness and accuracy of a criminal proceeding.  The *Blakely/Booker* rule does not implicate fundamental fairness.  Indeed, *Booker* itself requires the courts to continue to "consider" the Guidelines in imposing sentence.  Accordingly, the *Blakely/Booker* rule does not apply retroactively to Mr. Rucker (and others whose convictions became final before *Blakely*).

Rucker v. United States, 2005 WL 331336, *1.

Based on Green, Guzman, Varela, McReynolds, Olopade, Elwood, Humphress, Price, and Rucker, the undersigned proposes that the presiding District Judge find that Petitioner's convictions were final prior to both Blakely and Booker, and that those decisions do not apply retroactively to her sentence.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** with prejudice Petitioner's § 2241 Petition (Document No. 1.) and Addendum to Petition (Document No. 4.) and **DISMISS** and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis

of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir.) <u>cert. denied</u>, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, *pro se*.

ENTER: June 1, 2005.

R. Clarke VanDervort
United States Magistrate Judge