```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

MARGARET JOHNSON,

      Plaintiff,

v.                                    CIVIL ACTION NO. 1:04-0709

VANESSA ADAMS, Warden,
FPC Alderson,

      Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

Currently pending before the court is plaintiff's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings of fact and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Whereupon, Magistrate Judge VanDervort submitted his Findings and Recommendation to the court on June 1, 2005, in which he recommended that the court deny with prejudice plaintiff's motion for a writ of habeas corpus under § 2241 and dismiss the matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted ten days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations. On June 17, 2005, plaintiff filed her objections to the Magistrate Judge's Findings and Recommendation. With regard to plaintiff's objections, this court has conducted a de novo review of the record.

On May 29, 2002, in the United States District Court for the Northern District of West Virginia, plaintiff pled guilty to knowingly and intentionally selling, distributing, or dispensing a controlled substance, in violation of 21 U.S.C. § 841(a)(1). United States v. Johnson, 3:01-cr-00025-11.  On September 12, 2002, she was sentenced to a 78-month term of imprisonment, to be followed by a three-year term of supervised release.  Plaintiff also pled guilty to failure to appear, in violation of 18 U.S.C. § 3146(a), on June 11, 2002.  United States v. Johnson, 3:02-cr-00015-11.  Plaintiff was sentenced to a three-year term of supervised release on the failure to appear charge, to run concurrent to the term of supervised release imposed in 3:01-cr-00025.  Plaintiff did not appeal the conviction or sentence in either case.

Plaintiff filed her instant petition, alleging a Sixth Amendment violation under Blakely v. Washington, 124 S. Ct. 2531 (2004), on July 12, 2004.  She later amended her petition to add an ineffective assistance of counsel claim.  The ineffective assistance of counsel claim arises out of a November 12, 2004, decision by the Supreme Court of Appeals of West Virginia, annulling the law license of Keith L. Wheaton, plaintiff's trial counsel.  Wheaton's license was annulled based on his violation of the Rules of Professional Conduct over a five-year period of time with respect to his representation of six former clients, not including plaintiff.  On January 3, 2005, in the Northern District of West Virginia, plaintiff filed a Motion for Immediate Release in criminal cases 3:01-cr-00025-11 and 3:02-cr-00015.

2

Magistrate Judge VanDervort concluded that because plaintiff is actually challenging the validity of her conviction and sentence in the Northern District of West Virginia, that her § 2241 motion in this court should be construed as one under § 2255. Because § 2255 motions must be filed in the sentencing court, Magistrate Judge VanDervort recommended that the court dismiss plaintiff's petition for lack of jurisdiction. Alternatively, to the extent the plaintiff is able to demonstate that relief under § 2255 is unavailable and considering her petition under § 2241, Magistrate Judge VanDervort found her claim to be without merit because <u>Blakely</u> and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), do not apply retroactively to her sentence.

Plaintiff objections to the Proposed Findings and Recommendation read in pertinent part as follows:

> Johnson is not an attorney nor is she trained in law. At this time Johnson does not know of any existing case law that would dispute the Magistrate's findings and even though the Magistrate has conducted a conscientious examination of the record in this case and determined that the grounds should be presented in a 2255 petition, Johnson submits that justice may not be available to her in the sentencing court.
>
> As the Magistrate points out, Johnson's motion for immediate release, in which she alleges the same grounds for relief presented in her 241, remains pending in the sentencing court in the Northern District of West Virginia. The sentencing court had ordered Johnson's return for an evidentiary hearing. However, the Assistant United States Attorney complained and the order was rescinded. This action alone suggests that Johnson cannot receive fair and just adjudication in the sentencing court.

* * *

3

> If nothing else, this Honorable Court must address, in an evidentiary hearing, the issues presented in Johnson's 2241 petition, specifically Johnson's right to effective assistance of counsel and whether Johnson was denied that right in light of the facts presented in Johnson's addendum filed December 30, 2004.
>
> Johnson is unlawfully incarcerated and, through no fault of her own, has no other remedy in which to obtain relief.

Objections at 1-2.

Essentially, plaintiff challenges the validity of her conviction and sentence, and therefore in view of the nature of her claims, her application must be considered to be a Motion to Vacate, Set Aside or Correct her sentence under § 2255. Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); see also Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002)

4

("it is the inefficacy of the remedy, not the personal inability to use it that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

A review of plaintiff's petition and addendum makes clear that she is challenging the validity of her conviction and sentence. Therefore, her application must be considered a motion to vacate, set aside, or correct her sentence under § 2255. See, e.g., Preiser v. Rodriquez, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for [federal] prisoners attacking the validity of the fact or length of their confinement. . . ."); Plyler v. Moore, 129 F.3d 728, 733 (4th Cir. 1997) ("It is well settled that challenges to the fact or length of confinement are properly considered in the context of habeas corpus."); Leonard v. Hammond, 804 F.2d 838, 840 (4th Cir. 1986) ("If a [ ] prisoner, in his complaint, is attacking the validity of his confinement and seeking release, habeas corpus is the exclusive remedy.").

The court further agrees with Magistrate Judge VanDervort's finding that plaintiff has made no showing that

5

§ 2255 provides an inadequate or ineffective remedy in her case. Although plaintiff contends that the cancellation of an evidentiary hearing scheduled in her case pending in the Northern District of West Virginia is evidence that she "cannot receive fair and just adjudication in the sentencing court," the court disagrees.  Plaintiff has not met her burden of showing the inadequacy or ineffectiveness of a § 2255 application in the sentencing court.

Finally, even if plaintiff's § 2241 petition could go forward, the court further agrees with Magistrate Judge VanDervort that the <u>Blakely</u> and <u>Booker</u> decisions do not apply retroactively. <u>See</u> Proposed Findings and Recommendation at 5-10 (incorporated herein by reference); <u>see also</u> <u>United States v. Fowler</u>, 2005 WL 1416002, at *1 (4th Cir. 2005) ("[N]either <u>Booker</u> nor <u>Blakely</u> announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review.") (unpublished); <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005).

Because it is clear that plaintiff has not met the requirements for filing a motion under § 2241, her objections are overruled.  Based on the foregoing, the court hereby accepts the Proposed Findings and Recommendation of Magistrate Judge VanDervort and **ORDERS** as follows:

1)   Plaintiff's motion for a writ of habeas corpus under § 2241 is **DENIED** with prejudice; and
2)   Plaintiff's petition is **DISMISSED**.

The Clerk is directed remove this case from the court's active docket and to send certified copies of this Memorandum

Opinion and Judgment Order to counsel of record and to plaintiff, pro se.

      IT IS SO ORDERED this 12th day of August, 2005.

              ENTER:

              *David A. Faber* (signature)
              David A. Faber
              Chief Judge